**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>BILLY J. CUEVAS ITHIER<br><br>    Debtor. | CASE NO. 23-02673-MAG11<br><br>Chapter 11<br><br><br>FILED & ENTERED ON 03/11/2025 |

## <u>OPINION AND ORDER</u>

Billy J. Cuevas Ithier ("Debtor") filed his petition for relief under Chapter 11 on August 29, 2023. Dkt. # 1. Pending before the court are Debtor's motion for voluntary dismissal, RB's Puerto Rico Inc.'s ("RB's") response thereto requesting the court to dismiss the case with a bar to refile and to sanction Debtor by ordering payment of its attorney's fees, Debtor's reply to RB's response, and RB's sur-reply to Debtor's response. Dkt. ## 130, 141, 142, 145. For the reasons stated below, Debtor's motion for voluntary dismissal is granted and RB's request for a dismissal to include a bar to refile for one year and for sanctions in the form of attorney's fees is denied.

### I.     Procedural Background

On February 1, 2024, the court held a first hearing to consider Debtor's Disclosure Statement. At such hearing, "Debtor informed that he acknowledges Claim No. 9 filed by RB's Puerto Rico, Inc. in the amount of $143,815.79 and will not be objecting to such claim. The loan made by RB's Puerto Rico to Debtor's corporation (A&J Restaurants) is guaranteed by Debtor in his personal capacity." *Minute Entry*, Dkt. # 37. Debtor also stated "that he owns another corporation which operates a Marco's Pizza in Guayama " and that "this restaurant does not generate any additional income for him because it breaks even each month." Id. The court

ordered Debtor to amend the Disclosure Statement to address the matters discussed at the hearing. Id.

On May 30, 2024, the court held a second hearing to consider the amended Disclosure Statement. At such hearing, RB's did not oppose the approval of the amended Disclosure Statement but raised that "the liquidation analysis does not include assets such as the restaurant equipment and that per the financial information submitted by Debtor in the disclosure statement, the Marco's Pizza is generating profits." *Minute Entry*, Dkt. # 66. The court approved the amended Disclosure Statement and scheduled a confirmation hearing for July 18, 2024. Id.

On July 5, 2024, RB's filed an objection to confirmation of the amended Chapter 11 Plan arguing, *inter alia*, that Debtor is the sole owner of two limited liabilities companies: ANJ Restaurant, LLC ("ANJ") and BFC Enterprise, LLC ("BFC") and failed to account for the value of these entities in the liquidation value. Dkt. # 75. RB's also argued that "Debtor's inclusion of his entities['] claims (that he guarantees) in the Chapter 7 Liquidation Analysis, without including the totality of his assets, some of which are allegedly used to pay for such claims, makes for an improper Liquidation Analysis that does not reflect the nature of Debtor's financial situation." Id. at p. 4, ⁋ 16. On July 16, 2024, Debtor filed a response to RB's objection to confirmation stating, *inter alia*, that he does not have an obligation to include the value of ANF or BFC, or their assets, because they are separate legal entities. Dkt. # 83, at p. 2.

At the confirmation hearing held on July 18, 2024, RB's argued the issues raised in its objection to confirmation and that "it had recently learned that Debtor owns the franchise rights to the Marco's Pizza restaurant per franchise agreement with Sitos Caribbean, LTD." *Minute Entry*, Dkt. # 88. RB's further argued that Debtor "failed to disclose the franchise rights as an asset in this bankruptcy and has not accounted for this asset's value. Thus, RBs reiterated that it

stands by its objection to confirmation of the plan and requested time to conduct discovery to further investigate this matter." Id. The court ruled in relevant part as follows:

> For the reasons stated in open court, confirmation of the amended Chapter 11 plan filed at Dkt. # 57 is denied . . . Because the issues raised by RBs require further discovery, RBs and Debtor shall meet and confer to try to reach an agreement as to Debtor's ownership of the franchise agreement. RBs objection to confirmation (Dkt. #75) is held in abeyance. The court warns Debtor that it takes seriously the allegation that he may have failed to provide information and/or disclose in this bankruptcy his ownership of the Marco's Pizza restaurant franchise. RBs will file within five (5) days the franchise agreement executed by Debtor as the franchise owner. Order due: July 23, 2024. As such, Debtor is ordered to file an amended plan within the next twenty-one (21) days consistent with what was discussed in open court, give notice to all creditors and parties in interest, and file a certificate of service with the court so showing. Order due: August 8, 2024. Once the amended plan is filed, an in-person confirmation hearing will be scheduled . . . .

Id. On August 8, 2024, Debtor filed an amended Chapter 11 Plan. Dkt. # 91. On even date, Debtor filed amended schedules A/B to include the franchise agreement with Sitos Caribbean, LTD with a value of $30,000. Dkt. # 93, at p.8.

On September 10, 2024, the court scheduled a confirmation hearing for October 17, 2024. Dkt. # 95.

On September 11, 2024, RB's filed an informative motion and request for entry of order stating that it served on Debtor a request for production of documents and requested the court to shorten the term for Debtor to produce such documents from thirty to twenty days in light of the scheduled confirmation hearing. Dkt. # 96.

On September 12, 2024, the court entered an order denying RB's informative motion and request for entry of order as follows:

> The Debtor filed its amended Chapter 11 Plan on August 8, 2024 (Dkt. # 91) and the court entered an order on September 10, 2024, more than a month later, scheduling the confirmation hearing for October 17, 2024 (Dkt. # 95) to allow RB's Puerto Rico to conduct discovery if needed as stated at the confirmation hearing held on July 18, 2024. See Minute Entry, Dkt. # 88. Therefore, the Debtor shall have the time to respond to the request for production of documents

provided by Fed. R. Civ. P. 34(b)(2), made applicable to this proceeding pursuant
to Fed. R. Bankr. P. 7034 and 9014, which is thirty (30) days after being served
with the request. RB's is granted until October 16, 2024 at noon to file an
objection to confirmation of the amended Chapter 11 Plan.

Dkt. # 97. On October 16, 2024, Debtor filed a motion informing that it sent RB's a

"Confidential Disclosure Agreement" and would produce the pending documents within fifteen

days of receiving such executed agreement. Dkt. # 105.

Also on October 16, 2024, RB's filed a motion to dismiss or convert under 11 U.S.C. §

1112(b) for cause due to Debtor's alleged failure to disclose the value of his interest in ANJ and

BFC, failure to disclose income from related entities, and failure to comply with court orders by

not disclosing all his assets in the amended Plan and not producing the requested discovery. Dkt.

# 106. On that date, the court scheduled a hearing to consider the motion for dismiss for

November 14, 2024, continued the confirmation hearing for even date, and ordered Debtor to

respond to the pending request for production of documents by October 25, 2025. Dkt. ## 108,

109.

On October 25, 2024, Debtor filed a motion informing production of certain documents

requested by RB's and stating that "[a]ny other document will be sent to [RB's] as soon as it is

available." Dkt. # 114.

On October 25, 2024, Debtor filed his opposition to motion to dismiss. Dkt. # 115.

On November 13, 2024, RB's filed a motion to compel discovery because Debtor failed

to produce all requested documents. Dkt. # 127.

At the hearing held on November 14, 2024 to consider confirmation of the amended Plan

and RB's motion to dismiss, "Debtor again argued that he disagrees with RB's Puerto Rico and

that his interest in the LLCs is not property of the estate pursuant to state law." *Minute Entry*,

Dkt. # 135. "RB's Puerto Rico requested that the court grant its motion to dismiss because

Debtor has had ample time to provide all the information and documents requested and has failed to comply with the court's orders." Id. After the court heard the parties' arguments and had a brief recess before hearing the testimony of Debtor as requested by RB's, Debtor informed that he would seek the voluntary dismissal of the case by filing a motion to that effect. RB's stated that it would not object to the voluntary dismissal, but noted that it would request that the dismissal be with prejudice and/or for the imposition of costs and attorneys' fees. Id. Later that day, Debtor filed a motion for voluntary dismissal. Dkt. # 130. On December 11, 2024, RB's filed its response to the motion for voluntary dismissal. Dkt. # 141. On December 19, 2024, Debtor filed its reply to RB's response.[1] Dkt. # 142. On January 16, 2025, RB's filed its sur-reply to Debtor's response. Dkt. # 145.

## II.      The Parties' Positions

Debtor seeks voluntary dismissal because he "is convinced that he will be unable to modify or amend the plan in order to obtain confirmation" and requests dismissal without prejudice. Dkt. # 130. Debtor argues that he had no obligation to disclose any of the assets of ANJ and BFC or their value because they are separate legal entities and their assets are not property of the bankruptcy estate. Dkt. # 142. Debtor also challenges RB's standing by stating that such creditor obtained a judgment in state court against ANJ and such judgment does not include any liability regarding Debtor. Id.

RB's does not oppose the dismissal of the case but argues that there is cause for such dismissal to include a twelve-month bar to refile pursuant to 11 U.S.C. §§ 105 and 349(a) because Debtor failed to disclose his interest in ANJ and BFC in the schedules or to include their

---

[1] This reply is erroneously titled "Response to Motion to Dismiss or Convert filed by Creditor RB's PR Inc., filed on December 11, 2024." However, the document filed by RB's on December 11, 2024 is a reply to Debtor's motion for voluntary dismissal. (Dkt. # 141.)

value in the liquidation analysis and failed to timely produce all documents requested by RB's as ordered by the court. Dkt. # 141. It states that "[w]hile Debtor filed for a voluntary dismissal, he did so after being confronted with repeated omissions during the proceedings, repeated failure to disclose assets under oath, repeated noncompliance with Court orders, and upon the prospect of being seated in the witness's chair . . . . " Id. at ⁋ 16. RB's also requests the court to impose the payment of attorney's fees as sanctions under its inherent powers because "Debtor's approach to this bankruptcy has resulted in an unnecessarily long process, that required a disproportionate expense in attorney's fees in order to counter his noncompliance with the law, Court orders, and basic bankruptcy principles." Id. at ⁋ 25.

### III. Applicable Law and Discussion

### A. RB's Standing

Debtor challenged RB's standing by arguing that the judgment attached to its Proof of Claim number 9-2 is against ANJ and does not impose liability against Debtor. However, Debtor did not file an objection to RB's Proof of Claim and therefore, it is deemed allowed pursuant to 11 U.S.C. § 502(a). Moreover, Debtor stated at the hearing on the approval of the Disclosure Statement held on February 1, 2024 that "he acknowledge[d] Claim No. 9 filed by RB's Puerto Rico, Inc in the amount of $143,815.79 and will not be objecting to such claim. The loan made by RB's Puerto Rico to Debtor's corporation (A&J Restaurants) is guaranteed by Debtor in his personal capacity." *Minute Entry*, Dkt. # 37.

Therefore, the court finds that RB's has standing to request for the dismissal to include a bar to refile and for sanctions against Debtor in the form of attorney's fees.

### B.  Dismissal with a Bar to Refile

RB's cited 11 U.S.C. §§ 105(a) and 349(a) in support of its request for dismissal with a

twelve-month bar to refile.

Section 349(a) of the Bankruptcy Code provides that:

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this
title does not bar the discharge, in a later case under this title, of debts that were
dischargeable in the case dismissed; nor does the dismissal of a case under this
title prejudice the debtor with regard to the filing of a subsequent petition under
this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a). "Section 349(a) expressly confers bankruptcy courts the authority and

discretion to make exceptions to the general rule that the dismissal of a case is without prejudice

to the filing of a subsequent petition." In re Lopez Llanos, 578 B.R. 700, 711 (Bankr. D.P.R.

2017).

Section 105(a) provides in its relevant part that "[t]he court may issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §

105(a). This section "provides the bankruptcy court broad authority to 'exercise its equitable

powers—where 'necessary' or 'appropriate'—to facilitate the implementation of other

Bankruptcy Code provisions.'" In re Nosek, 544 F.3d 34, 43 (1st Cir. 2008) (quoting Bessette v.

Avco Fin. Servs., Inc., 230 F.3d 439, 444 (1st Cir. 2000)). Therefore, "[t]his Court has authority

to order a bar to refile to sanction serial or bad faith filers by barring future filings for reasons

and longer periods of time other than those specified by § 109(g) from either § 105(a), § 349(a),

or both." In re Lopez Llanos, 578 B.R. at 711. However, a bar to refile is an extraordinary relief

"and requires a showing of exceptional circumstances beyond the three grounds listed under §

109(g) [2]. "A dismissal order that bars subsequent litigation is a severe sanction warranted only by

---

[2] 11 U.S.C. § 109(g) states in relevant part that no individual may file a bankruptcy petition if a previous petition
was pending in the preceding 180 days and "(1) the case was dismissed by the court for willful failure of the debtor

egregious misconduct." In re Ortiz Jimenez, 2019 Bankr. LEXIS 1732, at *8 (Bankr. D.P.R. June 3, 2019). "Sanctions restricting a debtor from filing a subsequent petition for relief under the bankruptcy court are generally used to prevent *further* abuse of process by a debtor." Id. (quoting In Re Four Wells Ltd., 2016 Bankr. 1673, at * 46 (B.A.P. 6th Cir. April 22, 2016)). "Bad faith generally requires something 'more than a mistake or inadvertence'; it requires 'some form of deception.' A debtor's mere carelessness or oversight would probably be insufficient on its own to show bad faith." In re Taal, 520 B.R. 370, 376 (Bankr. D.N.H. 2014) (quoting In re Valentine, 2009 Bankr. LEXIS 3192, at * 17 (Bankr. D.N.H. Oct. 14, 2009)).

In the only case cited by RB's in support of its position, In re Kelly, 656 B.R. 541 (Bankr. D. Md. 2023), the court found that the debtor's bad faith conduct warranted dismissal with a bar to refile as follows:

> This evidence is found in [debtor's] prepetition conduct in connection with other litigation and bankruptcy cases, her history of unsuccessful and insincere bankruptcy filings, her complete disregard of her duty to present an accurate picture of her financial condition through her bankruptcy schedules, her continued attempts to relitigate issues decided by this Court in other bankruptcy cases despite prior warnings that such conduct is sanctionable, and her burdensome and frivolous litigation over the eight years that this Court has been acquainted with her and [her husband].

In re Kelly, 656 B.R. at 594. The facts in such case are inapposite to the matter at hand. The debtor in In re Kelly had filed numerous previous bankruptcy petitions and was cautioned by the court that her conduct was sanctionable. In contrast, this is Debtor's first bankruptcy petition and the court finds that Debtor's conduct does not rise to the level of egregiousness required for a bar to refile of one year.

---

to abide by orders of the court, or to appear before the court in proper prosecution of the case" or if "(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

-8-

It is uncontested that Debtor failed to amend schedule A/B to disclose his interest in ANJ and BFC and only disclosed a franchise agreement with Sitos Caribbean, Ltd. to operate a Marco's Pizza after RB's alerted the court of such agreement. However, Debtor included his interest in ANJ and BFC in the first Disclosure Statement and in the two amended Disclosure Statements. Dkt. ## 23 at p. 5; 43 at p. 5; 55 at p. 5. Debtor also disclosed the license agreements for Marco's Pizza and Arby's that were operated by ANJ and BFC and his ownership of both Marco's Pizza and Arby's of 100%. Dkt. ## 1 at pp. 28-29; 33 at pp. 6, 8; 47 at pp. 6, 8; 54 at pp. 6, 8; 93 at pp. 6, 8. And once the franchise agreement came to light, Debtor did not hesitate to amend the schedules to include the same.  At this time this court is not in a position to determine whether this omission was caused by carelessness or oversight, or by bad faith, which was the subject of the discovery that was being conducted by RB's.

The parties' disagreement regarding the value of Debtor's interest in ANJ and BFC and the value of the franchise agreement were matters that had not been adjudicated at the time of the filing of the motion for voluntary dismissal. As such, the court cannot conclude that Debtor failed to properly account for the value of his interest in such entities in the liquidation analysis.

Regarding Debtor's failure to produce all documents and information requested by RB's, RB's filed a motion to compel discovery that the court had not been adjudicated at the time Debtor moved for the voluntary dismissal of the case on the following day. Dkt. # 127. As such, the court cannot find that Debtor's alleged failure to produce the requested documents and information constitutes egregious misconduct sufficient to warrant dismissal with a bar to refile of one year.

For the foregoing reasons, RB's request for dismissal of this case to include a bar to refile of one year is denied. The court notes that in the event of a subsequent bankruptcy, RB's is not

devoid of remedies including those available under 11 U.S.C. § 362(c)(3)(A). If Debtor files another bankruptcy petition within a year from the dismissal of this case, the automatic stay shall terminate with respect to Debtor on the thirtieth day after the filing of the later case unless Debtor complies with the requirements of 11 U.S.C. § 362(c)(3)(B).

### C. Attorney's Fees

RB's requests the court to impose sanctions on Debtor pursuant to its inherent powers in the form of payment of its attorney's fees.

"[B]ankruptcy courts possess the inherent power to impose punitive non-contempt sanctions for failures to comply with their orders." In re Charbono, 790 F.3d 80, 87 (1st Cir. 2015). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). See also, In re Charbono, 790 F.3d at 88. Pursuant to the "American Rule", "litigants ordinarily shall pay their own lawyers. . . **Where an inherent-power sanction has the effect of reversing this rule, that sanction demands heightened justification**." In re Charbono, 790 F.3d at 88, n.3 (emphasis added). The Supreme Court explained in Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015) that it "will not deviate from the American Rule 'absent explicit statutory authority.'" Id. (quoting Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 602 (2001)). In this case, RB's did not point to any statutory authority for the court to grant attorney's fees and the court finds that Debtor's conduct does not meet the heightened justification required under Charbono for the imposition of sanctions in the form of attorney's fees.

**IV.    Conclusion**

For the foregoing reasons, Debtor's motion for voluntary dismissal (Dkt. # 130) is granted and the case is hereby dismissed. RB's request for the dismissal to include a bar to refile for one year and for the court to impose sanctions against Debtor in the form of attorney's fees (Dkt. # 141) is hereby denied.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 11th day of March, 2025.

María de los Ángeles González
United States Bankruptcy Judge

-11-